IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


DARCY BUDREAU,

    Plaintiff,

vs.

WALMART INC., a foreign corporation,

    Defendant.

Case No. 6:19-cv-00319-AA
OPINION AND ORDER

AIKEN, District Judge:

In this civil action, plaintiff Darcy Budreau alleges that she injured her hip as a result of defendant Wal-Mart Stores, Inc.'s negligence. Defendant moves for summary judgement pursuant to Federal Rule of Civil Procedure 56. For the reasons discussed below, defendant's motion (doc. 12) is DENIED.

## BACKGROUND

On February 19, 2017, plaintiff was shopping in defendant's Woodburn, Oregon, store. As plaintiff reached for a rotisserie chicken in a display in defendant's

deli, her right foot slipped and her leg slipped out from under her. Another customer caught plaintiff, and she leaned againt the deli counter until help arrived. Plaintiff went to the emergency room and was ultimately diagnosed with a dislocated hip.

## STANDARD OF REVIEW

When considering a motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A motion for summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Id.; Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Celotex*, 477 U.S. at 324. "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

## DISCUSSION

Plaintiff asserts a single claim against defendant, alleging that defendant was negligent in maintaining its store premises. To prevail on a premises liability

negligence claim under Oregon law, an invitee who slips on a foreign substance in an occupant's store must show: "(1) that the substance was placed there by the occupant; *or* (2) that the occupant knew that the substance was there and failed to use reasonable diligence to remove it; *or* (3) that the substance had been there for so long that the occupant should, in the exercise of reasonable diligence, have discovered and removed it." *Van Den Bron v. Fred Meyer, Inc.,* 86 Or. App. 329, 331 (1987) (emphasis in original).

Defendant argues that it is entitled to summary judgment on plaintiff's negligence claim because plaintiff has no evidence that there was a substance on defendant's floor or, assuming that a substance was there, that plaintiff cannot show that defendant is responsible for plaintiff's injury under the standard described in *Van Den Bron*. According to defendant, plaintiff did not slip on a foreign substance at all, but merely tripped while picking up a rotisserie chicken.

Defendant describes the *Van Den Bron* standard as having three "prongs" and contends that, to prevail on a premises liability slip-and-fall claim, a plaintiff must establish the first prong *and* either the second or third prong. Reply (doc. 16) at 1–2. But *Van Den Bron* describes three alternative "theories of recovery." *Van Den Bron*, 86 Or. App. at 331. And a plaintiff need only establish one of the theories to prevail. *See id.* at 332–31 (agreeing with the trial court that "plaintiff's evidence was insufficient as to the second and third theories of recovery" but reversing directed verdict because a reasonable jury could have found for plaintiff on the first theory).

Page 3 – OPINION AND ORDER

Here, although plaintiff alleges that her foot slipped on a greasy substance, she has no direct evidence that a substance was on defendant's floor. She did, however, testify in detail about the circumstances surrounding the incident. At her deposition, plaintiff explained that she parked her shopping cart near the deli and walked 15 to 20 feet from her cart to a spot slightly to the left of the rotisserie chicken display. She then stepped to her right, leaned over, and reached into the display for a chicken. As she stepped to the right, plaintiff's right foot quickly slipped out from under her. Another customer caught plaintiff and she was able to steady herself against the deli counter. Plaintiff admits that she never looked to see if grease was on the floor, but as she leaned against the counter waiting for help, she did see grease dripping down the front of the rotisserie chicken display right in front of where her foot was.

From plaintiff's evidence about the manner in which she slipped and the grease she observed dripping down the front of the rotisserie chicken case, a reasonable jury could infer that plaintiff slipped on grease that had dripped down the case onto the floor and that it had been dripping on to the floor for long enough that defendant's employees should have discovered and removed the grease. Accordingly, at this stage, the Court cannot find for defendant as a matter of law.

## CONCLUSION

Defendant's Motion for Summary Judgment (doc. 12) is DENIED.

It is so ORDERED and DATED this <u>29th</u> day of April 2020.

                                                /s/Ann Aiken
                                                Ann Aiken
                                        United States District Judge